LOVIZA *v.* LYNCH, ADMINISTRATOR.

[76 South. 629, Division A.]

1. EXECUTORS AND ADMINISTRATORS. *Disputed claims. Sufficiency of evidence.*

In this case, which was a dispute as to the allowance of a claim against the estate of a decedent, the court held that there was sufficient evidence to require the administrator to introduce evidence to overcome it.

2. LIMITATION OF ACTIONS. *Limitation applicable. Claims for board and services.*

The statute of limitation of three years bars any claim against the estate of a decedent, that accrued three years prior to the date of his death.

Appeal from the chancery court of Warren county.
Hon. E. N. Thomas, Chancellor.

Suit by Josephine Loviza against Charles A. Lynch, administrator. From a decree disallowing plaintiff's claims, she appeals.

The facts are fully stated in the opinion of the court.

Holden, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Warren county wherein the court, after hearing the testimony introduced by the appellant in support of her probated claim of one thousand two hundred dollars against the estate of E. C. Bundy, deceased, disallowed the claim on the ground that the evidence was not sufficient to support it, and from that decree on the facts this appeal is prosecuted here.

The testimony introduced before the chancellor in support of the claim of appellant showed the following state of facts: On the 12th day of December, 1914, an old man by the name of E. C. Bundy died, leaving a small estate of the value of about one thousand two hundred dollars. He had been sick, suffering from a cancer, for more than three years immediately prior to his death, and from which malady he fianally passed away. During the last three or more years of his life he lived in a small house owned by him near the boarding house of the appellant, Mrs. Josephine Loviza, in Vicksburg. And during these years of his sickness and malady, Mrs. Loviza furnished him his board by taking to him his meals three times per day, and bestowing upon him other attentions and assistance in his unfortunate condition. The deceased was a ship carpenter, and could command good wages when he was physically able to work, but for three or more years before his death, on account of the disease mentioned, he was unable to perform any services, and his income consisted alone of nine dollars per month paid to him for the rent of a

small building near by, rented and used by the appellant, Mrs. Josephine Loviza. It also appears from the testimony of the three or four witnesses who testified for the appellant, Mrs. Loviza, that the deceased received the board from appellant for three or more years, and that he often said that he intended to pay Mrs. Loviza for the board furnished him as soon as he was able to work and earn the money. The three or four witnesses introduced by appellant were kinsmen of hers and lived on the premises with her and close by the house occupied by the deceased, Mr. Bundy, and had good opportunity of knowing personally for three or more years whether or not the appellant furnished the meals and board to Mr. Bundy, and whether or not the deceased paid her for same or any part thereof, and they also had the opportunity of knowing whether Mr. Bundy had worked or earned any money whatever during the three or more years prior to his death. They all testified in a reasonable and positive manner that the deceased had not performed any work or earned any money for three or more years before his death, and that he had not paid appellant any money for his board during this time, but that he had frequently, up to a short time before his death, said that he intended to pay appellant for the board as soon as he was able to work and earn the money with which to pay it. It appears that in 1912 the deceased deposited several hundred dollars in a bank at Vicksburg, which drew a small interest, all of which was credited to his account, and that this was the only bank account or money that he had during the three years prior to his death, except the nine dollars per month paid him as rent by appellant. It is also shown by the bank records and competent testimony that he drew out of this bank personally all of this money but about two hundred dollars, which remained in the bank at the time of his death, and was used by the administrator herein for burial purposes. It appears in the proof that the old man paid about thirty-three dollars per annum taxes

on his property in Vicksburg, which during the last three years before his death would have amounted to about one hundred dollars. This one hundred dollars and the two hundred dollars used for burial expenses left in bank for the use of Mr. Bundy about fifty dollars for his personal expenses and medicine necessary for his sickness. This fifty dollars used during the three years and the nine dollars per month paid by the appellant, Mrs. Loviza, to him for the rent of the said house, shows that Mr. Bundy paid his incidental expenses, medicine and doctor's bills with an average of about ten dollars and eighty cents per month for the last three years of his life.

The testimony of the three witnesses introduced before the chancellor by the appellant, Mrs. Loviza, as to the nine hundred dollar board bill, appears to us to be positive and reasonable, and as it was unimpeached and undisputed, we do not see why the chancellor failed to give it any credence whatever. The record shows that this testimony was all in the shape of depositions and decumentary evidence, and that the chancellor had no way of determining the credibility or truthfulness of the testimony except by the depositions and documentary evidence alone, which depositions and documentary proof are before us and have been carefully reviewed and considered. When the appellant had submitted her proof and rested her case with the chancellor, we think that sufficient evidence was submitted, and that it was positive, reasonable, and plausible, and therefore was entitled to credence, at least to the extent of requiring the appellee administrator to introduce some testimony to overcome the proof as to the board bill introduced by the appellant. But appellee introduced no evidence whatever. The claim may appear suspicious in some respects, but this is not sufficient to entirely overcome and destroy the proof presented by appellant.

The item of nine hundred dollars for board is the only item in the probated claim that we think was suffciently

proven by the testimony introduced by the appellant, Mrs. Josephine Loviza. The other items were properly disallowed for the obvious reason that it was not shown that these items were due, if at all, to appellant, Mrs. Loviza.

We do not pass upon the question of the reasonableness of the charge of twenty-five dollars a month for the board of Mr. Bundy for the three years immediately preceding his death, but so far as the proof stands now in the record this rate of twenty-five dollars per month is shown to have been probably reasonable. Of course, the statute of limitation of three years bars any claim in this case against the estate of the deceased that accrued three years prior to the date of his death. For the error pointed out above, the decree of the chancellor is reversed, and the cause remanded.

*Reversed and remanded.*