JONES, Justice:
The principal appellant is J. E. Skinner, Administrator of the Estate of Alzbeta Vackova (the same person as Alzbeta Va-eck). Robert Porter departed this life, leaving a trust fund in the First National Bank of Jackson, Mississippi. Anna Sera-phina Porter, the widow of Robert Porter and a former resident of Czechoslovakia, died June 6, 1964, leaving a will which was probated in Hinds County, Mississippi.
Alzbeta Vackova (Vacek) and Frantisek Havranek were the beneficiaries of the estate and the trust fund. Anna Seraphina Porter’s estate was involved in litigation with Frank Vacek, the son of Alzbeta Vacek (Vacek v. Fink, 210 So.2d 773 (Miss. 1968); but the outcome of this case is not changed by anything decided in that case.
A decree was entered in the Chancery Court of Hinds County on April 21, 1967, decreeing that the amount due to Alzbeta Vackova as her share in the Anna Sera-phina Porter estate and in the trust account under the last will and testament of Robert Porter, deceased, amounted to one-half of $46,617.15. Alzbeta Vackova died December 25, 1967, in the Czechoslovakian Socialist Republic, having a fixed place of residence at said time in the City of Prague. For some reason and at some time before her death, she executed a power of attorney, making one Walter Rieker, managing director of the Hoerner Bank, as her true and lawful attorney to act in her stead and for her in all matters relating to any property belonging to the Anna Sera-phina Porter estate. There was also executed an instrument which appears in a foreign language in the record and by which it is claimed that the said attorney-in-fact was assigned a thirty percent interest in the property or funds received or to be received from the Porter estate.
*794 Before the money was paid to Mrs. Va-cova from the Anna Seraphina Porter estate, Mrs. Vackova died. On June 19, 1968, the Chancery Court of Hinds County appointed J. E. Skinner as the administrator of the estate of Alzbeta Vackova. Notice to creditors was duly published, the first publication being on July 2, 1968. The bank’s claim against the estate of Alz-beta Vackova was filed on January 6, 1969.
Section 569, Mississippi Code 1942 Annotated (1956) reads:
All claims against the estate of deceased persons, whether due or not, shall be registered, probated, and allowed, in the court in which the letters testamentary or of administration were granted within six months after the first publication of notice to creditors to present their claim; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator, provided, that where the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk, but the affidavit is defective or insufficient, the court may allow the affidavit to be amended so as to conform to the requirements of the statute, at any time before the estate is finally settled, whereupon the probate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient, in the first instance.
The six months provided by said statute expired before the bank’s claim was filed. After the hearing, the chancellor allowed the claim; and the administrator appeals. We reverse and dismiss the claim.
The administrator pleads the bar of the six-month limitations [§ 569 aforesaid] because of the bank’s failure to probate its claim until after the expiration of the six months from the first publication of notice to the creditors.
Appellee contends that because its claim is based upon the aforesaid agreement and assignment, the claim is a joint, undivided and inchoate interest in and to a portion of the assets of the estate and that the claim is not for a fixed determined amount and is, in fact, a contingent unliquidated claim not subject to the probate provisions and time limitations set out in Section 569 Mississippi Code 1942 Annotated (1956).
In response, in the English translation of the contract aforesaid, it is recited that the contract is in consideration of services rendered or to be rendered, i.e.:
In consideration of costs and services heretofore rendered and/or, hereafter to be rendered by my/our said attorney-in-fact, I/we hereby assign to him so much of my/our right, title and interest in and to the within estate as will cover whatever costs and expenses he may have reasonably sustained, together with a fee commensurate with the services so rendered hereunder by my/our said attorney-in-fact and/or any attorney at law or substitute or substitutes employed and/or retained by him in my/our behalf.
Clearly this is a contract and agreement for the payment for services rendered or to be rendered to the decedent. There are many cases in our books where claims for services rendered to a decedent prior to his death have been probated and established by proof; and where there was no agreement for a specific amount, it was left to the Court to determine reasonable compensation. See Hart v. Norton, 237 Miss. 566, 115 So.2d 540 (1959); Old Men’s Home v. Lee’s Estate, 191 Miss. 669, 2 So.2d 791, 4 So.2d 235 (1941); Tarver v. Lindsey, 161 Miss. 379, 137 So. 93 (1931); Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1926); Loviza v. Lynch, 115 Miss. 694, 76 So. 629 (1917).
As to the assertion that the claim was an inchoate and unliquidated interest in and to a portion of the assets of the estate, we *795 call attention to the fact that prior to Mrs. Vackova’s death a decree of the Chancery-Court of Hinds County had fixed the amount due by the Anna Seraphina Porter estate to Mrs. Vackova.
This decree was made an exhibit to the claim propounded by appellee. Perhaps the complete answer to the argument made is the claim filed by appellee and titled “Claim against the Estate of Alzbeta Vackova (being one and the same person as Alzbeta Vacek).” The first paragraph of this petition reads:
COMES NOW, the claimant, THE HOERNER-BANK, of West Berlin, Republic of Germany, by and through its duly appointed agent and attorney-in-fact, SAM F. FINK, and files this its claim against the Estate of ALZBETA VACKOVA (being the one and the same person as ALZBETA VACEK), and would respectfully show unto this Court as follows: .
The paper filed by appellee then recites that on November 18, 1965, Alzbeta Vacko-va executed a power of attorney, a copy of which is attached to the petition. The petition then recited that by a decree of the Chancery Court of Hinds County, Alzbeta Vackova was declared the owner of one-half of the estate of Anna Seraphina Porter. (A copy of the court’s final decree was also attached to appellee’s petition.)
Paragraph IV of said petition reads as follows:
That because of the Assignment and the efforts of the claimant, THE HOERNER-BANK, of West Berlin, Republic of Germany the same is entitled to thirty (30%) percent of the Estate of ALZBETA VACKOVA (being the one and the same person as ALZBETA VA-CEK), and which Estate is present appraised and estimated to be $23,308.57, of which the claimant, THE HOERNER-BANK, West Berlin, Republic of Germany, is entitled to $7,769.33, plus expenses, interest, attorneys fees and costs.
The sixth paragraph charges that the claimant is entitled to a reasonable fee as such attorney in fact and that the amount of thirty percent is a reasonable fee. The prayer is that the Chancery Court of Hinds County will receive the claim of ap-pellee, will cause the same to be set down for a hearing, and upon a hearing thereof will adjudicate that a proper and due and legal assignment in the amount of $7,769.33, plus interest, expenses and costs, was made to the bank; or in the alternative, that the bank did render under its power of attorney real, proper, fair and adequate protection to the decedent and is entitled to a reasonable fee in the amount of $7,769.33 and reasonable cost and expenses thereof.
The appellant asserts more than one assignment of error; but inasmuch as that matter hereinbefore discussed is decisive of the case, we find it unnecessary to discuss the others.
We are convinced that this case falls within the province of the cases hereinbe-fore cited involving personal services; and that the lower court should have sustained the bar of the plea of limitation.
The case is reversed and dismissed on direct appeal and affirmed on cross appeal.
Reversed and dismissed on direct appeal and affirmed on cross appeal.
GILLESPIE, C. J., and BRADY, IN-ZER and ROBERTSON, JJ„ concur.